```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL ZAMORA,             :

          Plaintiff,    :    REPORT &
                                      RECOMMENDATION
    -v.-                  :
                                      15 Civ. 830 (AT) (GWG)
                                  :
U.S. COMMODITIES FUTURES AND
EXCHANGE COMMISSION,       :

          Defendant.   :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Daniel Zamora filed his complaint in this matter on February 4, 2015. See Complaint for Injunctive Relief (Docket #1). Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than a year and eight months has passed since the filing of the complaint without any showing that proper service has been made.[1] In addition, on May 16, 2016, Judge Torres set a May 23, 2016, deadline for plaintiff to file proof of service (Docket # 8). In response to Judge Torres's deadline, plaintiff made a filing on May 24, 2016, that failed to show that service had been properly made (Docket # 9).

Subsequently, the Court ordered plaintiff to show cause why his case should not be

---

[1] The 90-day period for service under Rule 4(m) became effective on December 1, 2015. Under the previous version of Rule 4(m), a plaintiff had 120 days from filing a complaint to serve a defendant. Regardless of which time frame applies, plaintiff has failed to comply with the rule.

1

dismissed based on his failure to file proper proof of service pursuant to Rule 4(m) and Judge Torres's order (Docket # 11). The Court set a November 10, 2016, deadline for plaintiff to file a memorandum of law and an affidavit or declaration in support of his position on dismissal. Plaintiff made no such filing. In its order, the Court had warned that "failure to comply with this Order may in itself result in dismissal of this action."

Federal Rule of Civil Procedure 4(i)(2) provides that "[t]o serve a United States agency . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." To serve the United States, a party must deliver or send a copy of the summons and complaint to the United States Attorney in the district where the action is brought in addition to sending a copy of the summons and complaint to the United States Attorney General in Washington, D.C. Fed. R. Civ. P. 4(i)(1). Plaintiff's purported proof of service (Docket #9) shows only that he sent a copy of the summons and complaint to the agency and did not otherwise serve the United States. Thus, there is no proof that defendants were ever served by the deadline provided in Rule 4(m) or by the deadline given in Judge Torres's Order of May 16, 2016. Nor has plaintiff made an application for an extension of time that shows good cause for such failure, complied with this Court's subsequent order to show cause, or otherwise contacted the Court on this matter.

For these reasons, and because this is not a case in which the Court should exercise its discretion to grant an extension in the absence of good cause, see Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007), this matter should be dismissed without prejudice pursuant to Rule 4(m).

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

2

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Honorable Analisa Torres, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Torres. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: November 15, 2016
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge